IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TORREY COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-003 |
| | ) | |
| TIM WARD, Commissioner; DIRECTOR | ) | |
| SHEPPARD; JERMAINE WHITE, Warden; | ) | |
| DEPUTY WARDEN WICKER; DEPUTY | ) | |
| WARDEN KEITH; and DEPUTY WARDEN | ) | |
| BEASLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and this action be **DISMISSED** without prejudice.

## I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

## II.    DISCUSSION

### A.    Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes:  (1) Coleman v. Ga. Dep't of Corr., Civ. Act. No. 1:02-CV-00031-CAP (N.D. Ga. Jan. 4, 2002) (dismissed for failure to state claim); (2) Coleman v. DeKalb Cnty. Sheriff's Dep't, Civ. Act. No. 1:01-CV-2008-CAP (N.D. Ga. July 23, 2001) (dismissed as frivolous); and (3) Coleman v. Fulton Cnty., Civ. Act. No. 1:01-CV-2009 (N.D. Ga. July 23, 2001) (dismissed for failure to state a claim).  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

2

### B.      Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff signed his original complaint on November 27, 2020, and signed the amended complaint on an undisclosed date in February of 2021.[1]  (Doc. no. 1, p. 7; doc. no. 6, p. 11.)  The pleadings detail all manner of alleged problems with Plaintiff's day-to-day life at TSP, including descriptions of instances of alleged violence, all but one of which concerns other inmates.  The one allegation of violence against Plaintiff by a roommate with whom Plaintiff no longer lives occurred in July 2020, (doc. no. 6, p. 5), well before this litigation commenced in November of 2020.

Indeed, the grievances filed in support of the amended complaint show the events of which Plaintiff complain occurred months before the litigation commenced, (doc. no. 6-1, p. 7), or did not personally involve Plaintiff, (doc. no. 7, pp. 3-4).  Nothing in the complaint demonstrates Plaintiff was in imminent danger at the time he filed it in November of 2020 or this amended complaint in February of 2021.

---

[1]On December 9, 2020, Plaintiff, along with eight other inmates, submitted one, eight-page, handwritten complaint pursuant to 42 U.S.C. § 1983, generally alleging unsafe prison conditions at TSP.  (Doc. no. 1.)  Recognizing the improper attempt to join multiple inmates as plaintiffs in one lawsuit, United States District Judge Dudley H. Bowen, Jr., dismissed the multi-plaintiff case and directed the Clerk to open nine separate cases.  See Coleman et al. v. Ward, CV 320-079, doc. no. 22 (S.D. Ga. Feb. 1, 2021).  On February 2, 2021, the Court directed Plaintiff to submit an amended complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia and include allegations relevant to Plaintiff, not his fellow inmates.  (Doc. no. 5, pp. 1-2.)

In sum, Plaintiff's allegations do not demonstrate he "faced 'a present imminent danger.'" Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). "In the [prison] setting, a risk of harm to some degree always exists by the nature of its being a [prison]." Purcell *ex rel.* Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005). However, general or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citation omitted); Brown, 387 F.3d at 1350 (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception); Sutton, 334 F. App'x at 279 (rejecting general claims of stress, anxiety, depression, and further deterioration of life as insufficient to satisfy imminent danger exception); see also Odum v. Bryan Cnty. Judicial Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).

Plaintiff's conclusory allegations of harm are insufficient to establish imminent danger of serious physical injury, and he fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

**C.      The Case Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History**

The standard form on which Plaintiff submitted his claims, "Complaint for Violation of Civil Rights (Prisoner Complaint)," requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits.  (Doc. no. 6, pp. 8-10.)  Under the questions concerning a prisoner plaintiff's prior filing history, the litigant who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition.  (Id.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id.)

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff disclosed he filed an unidentified prior case that was dismissed under the three-strikes rule of 28 U.S.C. § 1915(g), but he denied filing a prior case dealing with the same facts as this case or otherwise relating to the conditions of their imprisonment and did not provide any information about the disposition of any prior cases.  (Id.)  The prior case Plaintiff did not identify by name as dismissed under the three strikes rule was based on some of the same general allegations of dissatisfactions with day-to-day life at TSP, including allegations of "a hostile environment" at TSP due to an alleged lack of adequate security to prevent physical violence between

inmates. <u>See</u> <u>Coleman v. Brooks</u>, CV 320-020 (S.D. Ga. Feb. 10, 2020).[2]  As noted above, Plaintiff filed at least three prior IFP cases that were dismissed as frivolous or for failure to state a claim.  <u>See also</u> <u>Coleman v. Cobb Cnty.</u>, 1:18-CV-2171-CAP-AJB (N.D. Ga. May 14, 2018) (detailing filing history and dismissing case because Plaintiff had three strikes under § 1915(g)).

Plaintiff has also filed at least two lawsuits other than the one disclosed that were dismissed under the three strikes rule.  <u>Coleman v. Cobb Cnty. Sheriff's Dep't</u>, 1:16-CV-04644-CAP-AJB (N.D. Ga. Jan. 26, 2017); <u>Coleman v. Fulton Cnty. Sheriff's Dep't</u>, 1:06-CV-01682-CAP-AJB (N.D. Ga. Aug. 9, 2006).   Moreover, Plaintiff is aware of the importance of accurate disclosure of prior filing history, as he has been warned in the Northern District of Georgia about repeatedly filing similar § 1983 cases and cautioned that he could "become subject to filing restrictions for pursuing repetitive and vexatious litigation."  <u>Coleman v. Warren</u>, 1:17-CV-01209-CAP-AJB, doc. no. 4 (N.D. Ga. Apr. 17, 2017), *adopted by*, doc. no. 6 (N.D. Ga. May 10, 2017).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In <u>Rivera</u>, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in <u>Parker</u> is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under

---

[2]Similar to this case, <u>Coleman</u>, CV 320-020, arose as a result of Plaintiff's improper attempt to join multiple inmates as plaintiffs in one lawsuit, resulting in dismissal of the original case, <u>Coleman v. Brooks</u>, CV 320-014 (S.D. Ga. Feb. 2020), and the creation of multiple lawsuits with individual plaintiffs.  <u>Coleman</u>, CV 320-020, doc. no. 3.

> penalty of perjury about the existence of a prior lawsuit, Arocho.   As a
> sanction, the court dismissed the action without prejudice, finding that Rivera
> "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.   See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Here, under Federal Rule of Civil Procedure 11, and as described in detail above, Plaintiff failed to truthfully disclose his prior filing history and provided blatantly dishonest

answers to the questions on the complaint form.  Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

## III.   CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 4th day of March, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

8