IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| TORREY COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-003 |
| | ) | |
| TIM WARD, Commissioner; DIRECTOR | ) | |
| SHEPPARD; JERMAINE WHITE, Warden; | ) | |
| DEPUTY WARDEN WICKER; DEPUTY | ) | |
| WARDEN KEITH; and DEPUTY WARDEN | ) | |
| BEASLEY, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 10, 11.) The Magistrate Judge recommended denying Plaintiff permission to proceed *in forma pauperis* because he has acquired three strikes under 28 U.S.C. § 1915(g) and does not qualify for the imminent danger exception. (Doc. no. 8, pp. 2-4.) Moreover, the case is also subject to dismissal because Plaintiff provided dishonest information about his prior filing history. (Id. at 5-8.)

Plaintiff's objections, similar to the allegations in his complaint and amended complaint, again assert general complaints about the manner in which Telfair State Prison ("TSP") is operating, including alleged improper mixing of "close" and "medium" security inmates. (Doc. no. 10.) In support of his objections, Plaintiff also submitted a declaration from eight other TSP inmates who support Plaintiff's view of the security situation and assert

there is "hardly never no officer is in the booth and many staff has left [sic]." (Doc. no. 11.) Plaintiff's filings do not change the Magistrate Judge's analysis that conclusory allegations are insufficient to satisfy the imminent danger exception. (Doc. no. 8, p. 4.) Plaintiff's reliance on general descriptions and broad allegations of staffing shortages do not show that he personally faces a present imminent danger. This Court has previously rejected similar, general claims of imminent danger from an inmate at TSP. See Rice v. Ward, CV 321-004, doc. nos. 8, 9 (S.D. Ga. Mar. 22, 2021).

Moreover, even if the Court were inclined to conclude Plaintiff should be allowed to proceed *in forma pauperis* under the imminent danger exception, as the Magistrate Judge also explained, the case is subject to dismissal because Plaintiff provided dishonest information about his prior filing history. Plaintiff's objections do not challenge the conclusion that he provided dishonest information about his prior filing history. (See doc. no. 10.) Plaintiff's dishonesty will not be tolerated and provides an alternative basis for dismissal of the case.

Accordingly, the Court **OVERRULES** all objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis* (doc. no. 2), **DISMISSES** this action without prejudice, and **CLOSES** this civil action. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this 30th day of March, 2021, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE